Ronald L. Richman (SBN 139189)
Sarah Bowen (SBN 308633)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile:  415.352.2701
E-mail:  ron.richman@bullivant.com
        sarah.bowen@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>              Plaintiffs,<br><br>     vs.<br><br>MICHAEL HEAVEY CONSTRUCTION, INC., a California corporation; MICHAEL BART HEAVEY, an individual; and NOREEN BRIDGET BOYLE, also known as NOREEN BRIDGET HEAVEY, an individual,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, FOR BREACH OF CONTRACT/SETTLEMENT AGREEMENT; BREACH OF PERSONAL GUARANTEE AND UNDERTAKING**<br><br>**[29 U.S.C. §185(a); 29 U.S.C. §§1109, 1132(g)(2), 114; 28 U.S.C. §1367(a)]** |

Now comes the plaintiffs, hereinabove named, and for their causes of action against defendants, allege as follows:

4833-3213-8147.1 30011/00068

– 1 –

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

# I. <u>JURISDICTION</u>

1.     This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions, for breach of contract/settlement agreement, enforcement of a personal guarantee and undertaking.  This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA").  The suit arises from the defendants' failure to make trust fund contributions as required by the collective bargaining agreement, by the written trust agreements, and by provisions of federal law.  This is a further action for damages for breach of contract/settlement agreement and personal guaranty and undertaking, arising out of the same transaction, defendants' obligation to pay its trust fund contribution.  This court has supplemental jurisdiction over the breach of contract/payment plan and personal guaranty cause of action under 28 U.S.C. §1367(a).

# II. <u>INTRA-DISTRICT ASSIGNMENT</u>

2.     Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

# III. <u>PARTIES</u>

3.     The Cement Masons Health and Welfare Trust Fund for Northern California, Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern California are the plaintiffs herein.  The Cement Masons Health and Welfare Trust Fund for Northern California, Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern California (the "Trust Funds") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1   of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6).  The Trust Funds were established

2   through collective bargaining agreements between the District Council of Plasters and Cement

3   Masons of Northern California and employer associations representing construction industry

4   employers doing business in Northern California.  The Trust Funds are employee benefit plans

5   created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA,

6   29 U.S.C. §§1002(3) and (37).  The Boards of Trustees, as fiduciaries, are the plaintiffs, who

7   sue on behalf of the Trust Funds.

8         4.    Each of the Trust Funds is a third-party beneficiary of the collective bargaining

9   agreement described below.

10        5.    At all times mentioned herein, each of the Trust Funds was an express trust

11   created by a written trust agreement subject to and pursuant to §302 of the Labor Management

12   Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of

13   sections 3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

14        6.    The Trust Funds provide a variety of benefits for cement masons, retired cement

15   masons and other related covered employees on whose behalf contributions are made pursuant

16   to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds

17   include ensuring that employers who are signatories to said collective bargaining agreements

18   comply with the terms of those agreements with respect to payments and contributions to the

19   Trust Funds.

20        7.    Plaintiffs are informed and believe, and upon that ground allege, that at all times

21   material hereto, defendant Michael Heavey Construction, Inc. was and is a California

22   corporation with its principal place of business located in San Francisco, California.  Plaintiffs

23   are further informed and believe, and upon that ground allege, that Michael Heavey

24   Construction, Inc. is and has been an employer within the meaning of Section 3(5) and Section

25   515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce

26   within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.  Plaintiffs are informed and

27   believe, and upon that ground allege, that at all relevant times, defendant Michael Bart Heavey

28   was and is the RMO of Michael Heavey Construction, Inc. and operated and controlled Michael

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1   Heavey Construction, Inc. and that defendant Michael Bart Heavey acted directly or indirectly

2   in the interest of Michael Heavey Construction, Inc. with respect to plaintiffs' employee benefit

3   plans.  Plaintiffs are further informed and believe, and upon that ground allege, that at all

4   relevant times, defendant Noreen Bridget Boyle, aka Noreen Bridget Heavey, was and is the

5   CEO/President of Michael Heavey Construction, Inc. and also operated and controlled Michael

6   Heavey Construction, Inc. and that defendant Noreen Bridget Boyle, aka Noreen Bridget

7   Heavey, also acted directly or indirectly in the interest of Michael Heavey Construction, Inc.

8   with respect to plaintiffs' employee benefit plans.  Plaintiffs are informed and believe, and upon

9   that ground allege, that at all times material hereto, defendants Michael Bart Heavey and Noreen

10   Bridget Boyle, aka Noreen Bridget Heavey, are husband and wife, residing in the City of San

11   Francisco, California.  Plaintiffs are informed and believe, and on that ground allege, that at all

12   relevant times, defendants constituted a single employer.

### IV. <u>FIRST CLAIM FOR RELIEF</u>

**(Breach of Collective Bargaining Agreement)**

**(Michael Heavey Construction, Inc.)**

16   8.      Plaintiffs reallege and incorporate by reference, as though fully set forth, the

17   allegations contained in Paragraphs 1-7 of this Complaint.

18   9.      On or about January 6, 2010, Michael Heavey Construction, Inc., through its

19   representation by the Engineering & Utility Contractors Association, became bound to a

20   Memorandum of Agreement with the District Council of Plasterers and Cement Masons of

21   Northern California.  By virtue of its membership with the Engineering & Utility Contractors

22   Association, Michael Heavey Construction, Inc. became bound to a written collective

23   bargaining agreement with the District Council of Plasterers and Cement Masons of Northern

24   California ("Cement Masons Union") entitled the Master Agreement between the

25   Engineering & Utility Contractors Association and the District Council of Plasterers and

26   Cement Masons of Northern California ("Master Agreement").  In agreeing to be bound to the

27   Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions

28   of the written Trust Agreements which established the trust funds.  Pursuant to the provisions of

1    the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and

2    conditions of employment prescribed therein with the Cement Masons Union.

3            10.      By virtue of the Master Agreement and written trust agreements, defendant

4    promised and agreed that: (1) it would pay employee fringe benefit contributions into each

5    Trust Fund in regular monthly installments commencing on or before the 15th day of the month

6    immediately succeeding the month in which the employee's work was performed; (2) that in the

7    event that any of said monthly installments were not paid in full on or before the 25th day of the

8    month in which such contributions became due, it would pay interest on the delinquent

9    contribution in the amount of 1.5% per month until paid in full, and would also pay the amount

10    of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and

11    (3) that if any suit with respect to any of said contributions or payments were filed against them,

12    it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in

13    connection with such suit.

14            11.      The Master Agreement between the Cement Masons Union and Michael Heavey

15    Construction, Inc. has never been terminated.

16            12.      Plaintiffs have performed all conditions, covenants and promises on their part to

17    be performed in accordance with the terms and conditions of the Master Agreement and Trust

18    Agreements.

19            13.      Within four years last past, defendant materially breached and broke the

20    aforesaid Master Agreement and trust agreements in the following respects:

21                 a.      by reporting, but failing to pay all employee fringe benefit contributions

22                       for their covered employees reported into each Trust Fund (reported, not

23                       paid) for the period July, August and November 2017; and January,

24                       February, March and December 2018 in the principal amount of

25                       $41,935.19, according to proof at trial;

26                 b.      by failing to pay interest and liquidated damages on the unpaid and

27                       delinquent employee fringe benefit contributions (reported, not paid), for

28

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

the period July, August and November 2017; and January, February, March and December 2018, according to proof at trial; and

    c.    by failing to pay interest and liquidated damages on contributions paid, but paid late, for the period September – December 2016; and January, February, April – June 2017, in the amount of $2,213.64, according to proof at trial.

14.    The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (reported, not paid) in the principal amount of $41,935.19 plus interest and liquidated damages; and (b) liquidated damages and interest on contributions paid, but paid late, in the amount of $2,213.64. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. <u>SECOND CLAIM FOR RELIEF</u>

### (Recovery of Unpaid Trust Fund Contributions)

### (ERISA §§502(g)(2), 515)

### (Michael Heavey Construction, Inc.)

16.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-15 of this Complaint.

17.    ERISA Section 515, 29 U.S.C. §1145, requires defendants to make such contributions to the plaintiff Trust Funds as are required under the terms of their collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

18.     Defendant reported, but failed to pay (reported, not paid), all employee fringe benefit contributions into each Trust Fund for the period July, August and November 2017; and January, February, March and December 2018 in the principal amount of $41,935.19, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.     Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

      a.      Section 502(g)(2)(A):  for contributions reported and not paid, an award on the unpaid fringe benefit contributions in the amount of $41,935.19, according to proof at trial;

      b.      Section 502(g)(2)(B):  for contributions reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $13,251.48 through February 3, 2020; and

      c.      Section (g)(2)(C):  the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or;  (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $13,251.48 through February 3, 2020.

20.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

## VI. <u>THIRD CLAIM FOR RELIEF</u>

### (Breach of Contract/Settlement Agreement and Release of Claims)

### (ERISA §§409(a) and 502(a)(2))

### (Michael Heavey Construction, Inc.)

21.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 - 20 of this Complaint.

22.     As a related transaction to the ERISA claim, identified above, and in conjunction with Michael Heavey Construction, Inc.'s duty to pay trust fund contributions on behalf of its covered employees, Michael Heavey Construction, Inc., and in resolution of a prior litigation by plaintiffs against defendant Michael Heavey Construction, Inc. in the United States District Court for the Northern District of California, *Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, et. al. v. Michael Heavey Construction, Inc.*, Case No. 3:15-cv-01096-JD ("prior litigation"), on October 17, 2016 Michael Heavey Construction, Inc. entered into a written Settlement Agreement and Release of Claims ("Agreement").  A true and correct copy of the Agreement is attached hereto as **<u>Exhibit A</u>**. Pursuant to the Agreement, defendants, and each of them, agreed they owed plaintiffs the following sums: (a) principal contributions [contributions reported, but not paid] in the amount of $110,180.24; (b) liquidated damages and interest in the amount of $56,489.59; (c) attorneys' fees and costs in the amount of $29,230.20; (d) audit liability [contributions not reported, not paid] in the amount of $61,176.19; and (e) $18,415.68 for interest on the underlying contributions, totaling $275,491.90 [rounded off to <u>$275,492</u> by the parties].

23.     Paragraph 8.a. to the Agreement recognizes that in conjunction with the prior litigation, plaintiffs obtained a judgment against defendant Michael Heavey Construction, Inc. in the amount of $134,788.91, but agreed not to execute/levy on the judgment in the prior lawsuit as long as defendant Michael Heavey Construction, Inc. was not in default. Paragraph 8.b to the Agreement provides that if defendant Michael Heavey Construction, Inc. does default on the Agreement, defendant Michael Heavey Construction, Inc. agreed to judgment in the amount of $140,703.09 [$275,492 balance due - $134,788.91 Judgment].

24.     Defendant Michael Heavey Construction, Inc. defaulted under the Agreement by making some, but not all, installment payments under the Agreement, totaling $89,000 through April 15, 2017, then failing and refusing to make any further payments.  On or about January 17, 2017, plaintiffs provided written notice to defendant Michael Heavey Construction, Inc., through counsel, that defendant Michael Heavey Construction, Inc. was in default of the Agreement.  Defendant Michael Heavey Construction, Inc. failed to cure the default.

25.     Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Agreement.

26.     Within four years last past, defendant materially breached and broke the Agreement by failing to make the required installment payments and failing to cure the default after written notice of default was provided.  Despite demand, defendant failed and refused to make the installment payments under the Agreement, failed to cure the default after written notice, and the balance of $140,703.09 is due, owing and payable.

27.     The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: $140,703.09, according to proof at trial.  Interest will continue to accrue at the rate of 10% per annum.

28.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to Paragraph 19 to the Agreement, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VII. FOURTH CLAIM FOR RELIEF

### (Breach of Contract/Personal Guarantee and Undertaking)

### (ERISA §§409(a) and 502(a)(2))

### (Noreen Bridget Boyle aka Noreen Bridget Heavey)

29.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-28 of this Complaint.

30.     As a related transaction to the ERISA claim, identified above, and in conjunction with Michael Heavey Construction, Inc.'s duty to pay trust fund contributions on behalf of its

covered employees, Michael Heavey Construction, Inc., and in resolution of a prior litigation by plaintiffs against defendant Michael Heavey Construction, Inc. in the United States District Court for the Northern District of California, *Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, et. al. v. Michael Heavey Construction, Inc.,* Case No. 3:15-cv-01096-JD ("prior litigation"), on or about October 17, 2016 Michael Heavey Construction, Inc. entered into a written Settlement Agreement and Release of Claims ("Agreement").  Pursuant to the Agreement, defendants, and each of them, agreed they owed plaintiffs the following sums:  (a) principal contributions [contributions reported, but not paid] in the amount of $110,180.24; (b) liquidated damages and interest in the amount of $56,489.59; (c) attorneys' fees and costs in the amount of $29,230.20; (d) audit liability [contributions not reported, not paid] in the amount of $61,176.19; and (e) $18,415.68 for interest on the underlying contributions, totaling $275,491.90 [rounded off to $275,492 by the parties].

31.     Defendant Michael Heavey Construction, Inc. defaulted under the Agreement by making some, but not all, installment payments under the Agreement, totaling $89,000 through April 15, 2017, then failing and refusing to make any further payments.  On or about January 17, 2017 plaintiffs provided written notice to defendant Michael Heavey Construction, Inc., through counsel, that defendant Michael Heavey Construction, Inc. was in default of the Agreement.  Defendant Michael Heavey Construction, Inc. failed to cure the default.

32.     Paragraph 2(H) to the Agreement provides:

> Michael B. Heavey and Noreen B. Boyle, and each of them, individually, agree to personally guarantee the payment of the $275,492.00 owed to the Trust funds by the Employer and referenced in paragraph G above. A true and accurate copy of their respective Personal Guarantee Agreement is attached hereto.

33.     On October 19, 2016, defendant Noreen Bridget Boyle, aka Noreen Bridget Heavey, executed a Personal Guarantee and Undertaking ("Personal Guarantee").  The Personal Guarantee was issued in consideration of plaintiffs forbearing their legal right to levy/execute on the judgment issued in the prior litigation.  Pursuant to Paragraph 7 to the Personal Guarantee, plaintiffs are not required to exhaust other remedies, *i.e.*, remedies against defendant Michael

1  Heavey Construction, Inc. or Michael Bart Heavey before recovering under the Personal

2  Guarantee.  A true and correct copy of the Personal Guarantee is attached hereto as **Exhibit B**.

3        34.     Under Paragraph 6 to the Personal Guarantee, upon written notice of default and

4  demand by plaintiffs, defendant Noreen Bridget Boyle, aka Noreen Bridget Heavey, agreed to

5  personally guarantee the payment of the $275,492.00 owed to the Trust funds by the Employer,

6  defendant Michael Heavey Construction, Inc., minus any payments received by plaintiffs under

7  the Agreement.

8        35.     Plaintiffs have performed all conditions, covenants and promises on their part to

9  be performed in accordance with the terms and conditions of the Agreement and Personal

10  Guarantee.

11        36.     On June 18, 2019 and pursuant to Paragraph 6 to the Personal Guarantee,

12  plaintiffs, through counsel, served defendant with a notice of default under the Agreement and

13  demand for payment under the Personal Guarantee.  Within four years last past, defendant

14  materially breached and broke the Personal Guarantee by failing to make the required payment

15  due, $186,492 [$275,492 - $89,000].  Despite written demand, defendant failed and refused to

16  pay make the payment under the Personal Guarantee, and the balance of $186,492 is due, owing

17  and payable.

18        37.     The aforesaid material breaches proximately caused damages to plaintiffs in the

19  following approximate amounts, all according to proof at trial: $186,492, according to proof at

20  trial.  Interest will continue to accrue at the rate of 10% per annum.

21        38.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within

22  action.  Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs

23  request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of

24  the within action.

25        WHEREFORE, plaintiffs pray for judgment as set forth below.

26  ///

27  ///

28  ///

## VIII. <u>FIFTH CLAIM FOR RELIEF</u>

### (Breach of Contract/Personal Guarantee and Undertaking)

### (ERISA §§409(a) and 502(a)(2))

### (Noreen Bridget Boyle aka Noreen Bridget Heavey)

39.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-38 of this Complaint.

40.     As a related transaction to the ERISA claim, identified above, and in conjunction with Michael Heavey Construction, Inc.'s duty to pay trust fund contributions on behalf of its covered employees, Michael Heavey Construction, Inc., and in resolution of a prior litigation by plaintiffs against defendant Michael Heavey Construction, Inc. in the United States District Court for the Northern District of California, *Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, et. al. v. Michael Heavey Construction, Inc.,* Case No. 3:15-cv-01096-JD ("prior litigation"), on October 17, 2016 Michael Heavey Construction, Inc. entered into a written Settlement Agreement and Release of Claims ("Agreement").  Pursuant to the Agreement, defendants, and each of them, agreed they owed plaintiffs the following sums:  (a) principal contributions [contributions reported, but not paid] in the amount of $110,180.24; (b) liquidated damages and interest in the amount of $56,489.59; (c) attorneys' fees and costs in the amount of $29,230.20; (d) audit liability [contributions not reported, not paid] in the amount of $61,176.19; and (e) $18,415.68 for interest on the underlying contributions, totaling $275,491.90 (rounded off to $275,492 by the parties).

41.     Defendant Michael Heavey Construction, Inc. defaulted under the Agreement by making some, but not all, installment payments under the Agreement, totaling $89,000 through April 15, 2017, then failing and refusing to make any further payments.  On or about January 17, 2017 plaintiffs provided written notice to defendant Michael Heavey Construction, Inc., through counsel, that defendant Michael Heavey Construction, Inc. was in default of the Agreement.  Defendant Michael Heavey Construction, Inc. failed to cure the default.

///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

42.     Paragraph 2(H) to the Agreement provides:

> Michael B. Heavey and Noreen B. Boyle, and each of them, individually, agree to personally guarantee the payment of the $275,492.00 owed to the Trust funds by the Employer and referenced in paragraph G above. A true and accurate copy of their respective Personal Guarantee Agreement is attached hereto.

43.     On October 19, 2016 defendant Michael Bart Heavey executed a Personal Guarantee and Undertaking ("Personal Guarantee"). The Personal Guarantee was issued in consideration of plaintiffs forbearing their legal right to levy/execute on the judgment issued in the prior litigation. Pursuant to Paragraph 7 to the Personal Guarantee, plaintiffs are not required to exhaust other remedies, *i.e.*, remedies against defendant Michael Heavey Construction, Inc. or Noreen Bridget Heavey aka Noreen Bridget Heavey before recovering under the Personal Guarantee. A true and correct copy of the Personal Guarantee is attached hereto as **Exhibit C**.

44.     Under Paragraph 6 to the Personal Guarantee, upon written notice of default and demand by plaintiffs, defendant Michael Bart Heavey agreed to personally guarantee the payment of the $275,492.00 owed to the Trust funds by the Employer, defendant Michael Heavey Construction, Inc., minus any payments received by plaintiffs under the Agreement.

45.     Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Agreement and Personal Guarantee.

46.     On June 18, 2019 and pursuant to Paragraph 6 to the Personal Guarantee, plaintiffs, through counsel, served defendant with a notice of default under the Agreement and demand for payment under the Personal Guarantee. Within four years last past, defendant materially breached and broke the Personal Guarantee by failing to make the required payment due, $186,492 [$275,492 - $89,000]. Despite written demand, defendant failed and refused to pay make the payment under the Personal Guarantee, and the balance of $186,492 is due, owing and payable.

///

///

47.     The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: $186,492, according to proof at trial.  Interest will continue to accrue at the rate of 10% per annum.

48.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

Wherefore, plaintiffs request judgment as set forth below.

## IX. SIXTH CLAIM FOR RELIEF

### (Mandatory Injunction)

### (ERISA § 502(g)(2)(E))

### (Michael Heavey Construction, Inc._

49.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-48 of this Complaint.

50.     Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendant is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for cement masons, retired cement masons and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

///

///

///

///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

51.     Pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant Michael Heavey Construction, Inc. to allow plaintiffs' auditor access to its books and records to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds for the period January 2017 through the last completed quarter prior to entry of judgment.

52.     Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendant is the only means to accurately verify the additional amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## X. RELIEF REQUESTED

1.     On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant: (a) for unpaid contributions (reported, not paid) in the principal amount of $41,935.19 plus interest and liquidated damages in an amount to be proved at trial; and for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.     On the Second Claim for Relief, for recovery under ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), for judgment against defendants as follows:

        a.     Under Section 502(g)(2)(A) – for unpaid contributions (reported, not paid) in the principal amount of $41,935.19, according to proof at trial;

        b.     Under Section 502(g)(2)(B) – an award of interest on the unpaid fringe benefit contributions on the contributions reported, but not paid, at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $13,251.48 through February 3, 2020; and

///
///

c.   Under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Funds, calculated to be $13,251.48 through February 3, 2020.

3.   On the Third Claim for Relief against defendant Michael Heavey Construction, Inc., for damages for Breach of the Settlement Agreement and Release of Claims, the remaining balance due in the amount of $140,703.09, according to proof at trial, for interest in the amount of 10% per annum, and for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

4.   On the Fourth Claim for Relief against defendant Noreen Bridget Boyle, aka Noreen Bridget Heavey, for damages for breach of the Personal Guarantee and Undertaking in the amount of $186,492, according to proof at trial, for interest in the amount of 10% per annum, and for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

5.   On the Fifth Claim for Relief against defendant Michael Bart Heavey, for damages for breach of the Personal Guarantee and Undertaking in the amount of $186,492, according to proof at trial, for interest in the amount of 10% per annum, and for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

6.   On the Sixth Claim for Relief, that defendant Michael Heavey Construction, Inc. be compelled to forthwith submit to an audit of its books and records by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendant during business hours, at a reasonable time or times, and to allow said auditor to examine and copy such books, records, papers and reports of defendant that are relevant to the enforcement of the collective bargaining

///

///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1   agreement and trust agreements, including, but not limited to, the following for the period of

2   January 2017 through the last completed quarter prior to entry of judgment:

3              Individual Earnings Records (Compensation/Payroll); W-2/W-3
               Forms; 1096 and 1099 Forms; Reporting Forms for all Trust Funds;
4              State DE-7, DE-6, DE-9, DE-9C Tax Reports; Worker's
               Compensation Insurance Monthly Reports; Sub-Contractor
5              Invoices; Employee Timecards; Payroll Journal; Quarterly Payroll
               Tax Returns/Form 941; Check Register and Supporting Cash
6              Vouchers; Form 1120/1040 or Partnership Tax Returns; General
               Ledger (portions relating to payroll); and any other records
7              necessary to determine if all hours audited have been paid to any
               Trust Fund.

8

9   DATED:  February 5, 2020

10                                      BULLIVANT HOUSER BAILEY PC

11

12                          By  _____
                                Ronald L. Richman
13                              Sarah Bowen

14                          Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT